UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE L. BRONDEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00715-JAR |
| | ) | |
| KATHRYN THUMANN, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Petitioner Wayne L. Brondel's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1). For the reasons set forth below, the Court will summarily dismiss the petition without prejudice.

**Petition**

Petitioner is a pretrial detainee at the St. Louis Forensic Treatment Center – North in St. Louis, Missouri, awaiting trial on state criminal charges. *See State v. Brondel*, No. 20CW-CR01864-01 (13th Jud. Cir. 2021); *State v. Brondel*, No. 22CW-CR01104 (13th Jud. Cir. 2022). He challenges his state detention and proceedings on four grounds: (1) improper venue in violation of the Fifth Amendment, based on his pending civil suit against the clerk of the same court;[1] (2) denial of counsel under the Sixth Amendment, stemming from his attorney's failure to contest venue in a prior criminal matter; (3) excessive bail in violation of the Eighth Amendment; and (4) unspecified violations of the Fourteenth Amendment. For relief, he seeks immediate release from

---

[1] The Court was unable to locate this civil action on Case.net, Missouri's online case management system. The case number provided by Plaintiff—20CW-CV00243—corresponds to a separate action between JP Morgan Chase and another individual. *See JP Morgan Chase Bank v. Carrie Canaday*, No. 20CW-CV00243 (13th Jud. Cir. 2020).

custody, an investigation of Missouri's 13th Judicial Circuit, and to restore "Callaway Court back to true and just."

## Discussion

Federal courts possess the authority to issue a writ of habeas corpus for a prisoner held in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, the exercise of this authority is circumscribed by important principles of comity and federalism, particularly when state criminal proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37, 44, 49-50 (1971) (holding that, in light of principles of comity and federalism, federal courts must abstain from enjoining ongoing state criminal prosecutions absent a showing of bad faith, harassment, or other extraordinary circumstances).

Although § 2241 lacks a specific exhaustion clause, federal courts generally abstain from exercising jurisdiction over § 2241 petitions where the claims can be addressed through ongoing state proceedings or other state remedies. *See Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). As the Supreme Court has explained, absent special circumstances, federal habeas relief is not available to adjudicate the merits of an affirmative defense before the state court has entered a judgment of conviction. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)).

Here, Petitioner identifies no special circumstances that would warrant federal intervention, nor does he show exhaustion of state remedies. The docket in his pending felony matter reflects that his bond was reduced or modified on at least two occasions and was not revoked until March 2025. *See State v. Brondel*, No. 20CW-CR01864-01 (13th Jud. Cir. 2021) (Order Granting in Part Mot. for Bond Reduction, Sept. 13, 2021; Order Granting in Part Mot. for Bond

Reduction, Nov. 22, 2021; Order Revoking Bond, Mar. 19, 2025).[2] The docket further reflects that he is represented by counsel and has not filed a motion for change of venue. Because the state prosecution is ongoing, he has adequate opportunity to raise his claims before the state court. Accordingly, the Court must abstain from exercising jurisdiction over this matter pursuant to *Younger*.

### Conclusion

For the reasons set forth above, it plainly appears that Petitioner is not entitled to the relief sought. Accordingly, the Court will summarily dismiss this action. *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (providing for summary dismissal if it plainly appears from the petition that the petitioner is not entitled to relief).[3]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED**. A separate order of dismissal will follow.

Dated this 13th day of June, 2025.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[3] Applicable to § 2241 petitions through Rule 1(b).