**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| WAYNE L. BRONDEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00715-JAR |
| | ) | |
| KATHRYN THUMANN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

On June 13, 2025, the Court dismissed Wayne L. Brondel's petition for a writ of habeas corpus under 28 U.S.C. § 2241 because his state criminal proceedings were ongoing and he had not exhausted his state remedies. (ECF No. 3). Brondel has since filed an "Emergency Motion for Help" (ECF No. 8), and a "Motion for Information" (ECF No. 9). For the reasons set forth below, the Court denies both motions.

I.      **Background**

Brondel filed his habeas petition in May 2025 challenging his pretrial detention and ongoing state criminal proceedings. (ECF No. 1). Following the Court's dismissal of his petition (ECF Nos. 3, 4), Brondel filed an "Emergency Motion for Help" (ECF No. 8) and a "Motion for Information" (ECF No. 9).

In his "Emergency Motion," Brondel alleges that a fellow detainee suffered "blistering burns" after another detainee threw hot coffee on her. (ECF No. 8 at 1). Brondel attributes the incident to inadequate staffing and a lack of supervision at the St. Louis Forensic Treatment Center. *Id.*

In his "Motion for Information," Brondel alleges systemic physical abuse and neglect by

staff at the Treatment Center. (ECF No. 9 at 1–3). He claims staff retaliated against him for filing lawsuits. *Id*. at 3. Brondel seeks injunctive relief in both motions.

## II.    Discussion

Brondel's post-dismissal motions are moot for two reasons. First, the Court dismissed this action on June 13, 2025, which is prior to the Court's receipt of these motions. Brondel's subsequent filings do not seek to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or 60(b). Because the case is closed, there is no pending action to which these motions can attach.

Second, even if this case remained open, Brondel's requests are substantively moot. The motions appear to be directed to three different judges and three different cases. The Court takes judicial notice of the public records in Brondel's underlying state criminal matters, *State v. Brondel*, Nos. 20CW-CR01864-01 and 22CW-CR01104 (13th Jud. Cir. Sept. 11, 2025). *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005). Those records reflect that in September 2025, the state court released Brondel on his own recognizance.

Because Brondel is no longer in the custody of the named respondent, Kathryn Thumann, the Court cannot grant the requested relief. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (holding that an inmate's release or transfer from a facility moots claims for injunctive relief regarding the conditions of that facility). Furthermore, to the extent Brondel seeks to challenge the conditions of his past confinement, such claims are not cognizable in a habeas corpus petition and must be brought, if at all, in a separate civil rights action under 42 U.S.C. § 1983. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014).

Accordingly,

**IT IS HEREBY ORDERED** that Brondel's "Emergency Motion for Help" (ECF No. 8) and "Motion for Information" (ECF No. 9) are **DENIED** as moot.

Dated this 23rd day of March, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE